UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVIN FERMAN, | Civil Action No. 23-16017 (SDW-JSA) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| DAVID FLORES, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about September 5, 2023, Plaintiff Evin Ferman, a pretrial detainee confined in the Hudson County Department of Corrections & Rehabilitation Center ("HCCR"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a), which establishes his financial eligibility to proceed without prepayment of the filing fee, and it will be granted (ECF No. 1-1).

2. Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

3. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

5. The defendants to the complaint include: (1) an unknown doctor employed by Wellpath, whom this Court will refer to as "John Doe;" (2) David Flores, Doctor of Pulmonary at Jersey City Medical Center; (3) Becky Scott; and (4) Jersey City Medical Center.

6. Plaintiff alleges that he was in good health in December 2017, when he entered HCCR. In September or October 2017, he requested medication from a nurse for sinusitis. The nurse, employed by Wellpath, was preoccupied with someone else, and she gave Plaintiff the wrong medication. Several minutes after taking the wrong medication, Plaintiff had difficulty breathing. He was sent to Jersey City Medical Center, also named as a defendant here, where he was put in isolation and ignored. Plaintiff did not receive any help until he reached "Code Blue" status. After he was revived, he was taken into surgery for a biopsy on his lung. The surgery was performed by Dr. David Flores, named as a defendant here. Plaintiff alleges that someone neglected to turn on the machine that was supposed to drain fluid from his lung. He was hospitalized for three months. He has been in and out of the hospital since then. Plaintiff is now on oxygen and has been told that he needs a lung transplant. Finally, Plaintiff named Becky Scott as a defendant, but he did not describe how she was personally involved in violating his constitutional rights. For relief, Plaintiff seeks money damages and "proper healthcare." Plaintiff also requests appointment of pro bono counsel.

7. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). To state a Fourteenth Amendment claim for deliberate indifference to a serious medical need of a pretrial detainee, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Allegations of negligence or medical malpractice are not sufficient to state a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff may choose to

bring his negligence or medical malpractice claims in New Jersey state court.  *See* New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 *et seq.*

  8. Under § 1983, a plaintiff must plead each defendant's personal involvement in the alleged constitutional violation.  *Iqbal*, 556 U.S. at 676.  Plaintiff's allegations that he was accidently given the wrong medication, and that medical staff failed to turn on a machine to drain the liquid from his lung, are claims of negligence.  Deliberate indifference to a serious medical need can be shown were medical staff or prison officials "(1) delayed, denied, or interfered with needed medical care *intentionally*, or (2) *recklessly disregarded* a substantial risk that the prisoner would suffer serious harm."  *Markowitz v. Nicholson, et al.*, 2023 WL 6241244, at *2 (3d Cir. Sept. 26, 2023) (citing *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009); *Estelle*, 429 U.S. at 104–05.) (emphasis added)).  Furthermore, employers and supervisors are not vicariously liable for the unconstitutional acts of their employees or subordinates under § 1983.  *Iqbal*, 556 U.S. at 676.  Instead, a plaintiff must allege that the supervisor or employer "possess[ed] actual knowledge or ha[d] reason to believe that prison medical staff are mistreating or failing to treat inmates' serious medical conditions."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 329 (3d Cir. 2014), *cert. granted, judgment rev'd sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015)).  Alternatively, a plaintiff

> must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure.

*Id.* at 330 (citation omitted).  Plaintiff has not alleged facts to establish deliberate indifference to his serious medical needs by any of the named defendants.

9.  In conclusion, this Court will grant Plaintiff's IFP application and dismiss his complaint without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint.

An appropriate order follows.

Dated:      October 3     , 2023

Hon. Susan D. Wigenton,
United States District Judge